IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MANUEL GARCIA,
    Plaintiff

v.

ERIKA FENSTERMAKER, ET AL.,
    Defendants

CIVIL NO. 3:12-CV-2466

(JUDGE NEALON)
(MAGISTRATE JUDGE CARLSON)

## MEMORANDUM

On December 11, 2012, Plaintiff, Manuel Garcia, an inmate confined at the Canaan United States Penitentiary ("USP-Canaan") in Waymart, Pennsylvania, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2675, et seq. (Doc. 1). Plaintiff alleges that in June, 2011, he suffered Salmonella poisoning at USP-Canaan from eating chicken that the prison staff knew was contaminated. (Id.). Named as Defendants are Erika Fenstermaker, grievance coordinator, and the United States of America. (Id.). Plaintiff also filed a motion for leave to proceed in forma pauperis. (Doc. 2). On December 11, 2012, Magistrate Judge Martin C. Carlson screened the complaint and issued a Report and Recommendation ("R&R") concluding that Plaintiff's FTCA claim may not proceed against the individual Defendant, Erika Fenstermaker, and that Plaintiff's allegations against Defendant Fenstermaker are insufficient to state a Bivens[1] claim under section 1983. (Doc. 5). The R&R recommends that the complaint be dismissed as to this Defendant. (Id.). No objections have been filed and, for the reasons set forth below, the R&R will be adopted.

---

[1] Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens-type action is "a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials." See Banks v. Roberts, 251 Fed. Appx. 774, 775 n.1 (3d Cir. 2007).

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

In the absence of objections, this Court will review the instant action for plain error.

**Discussion**

Magistrate Judge Carlson explains that the "Court has a statutory obligation to conduct a preliminary review of pro se complaints filed by prisoners who seek leave to proceed in forma pauperis which seek redress against government officials." (Doc. 5, p. 3). Pursuant to 28 U.S.C. § 1915A, a court must dismiss a complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted; or one that seeks monetary relief from a defendant who is immune. (Id.); see also 28 U.S.C. § 1915(e). The Magistrate Judge determines that the statute's

2

text mirrors the language in Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Id. at pp. 3-4). The R&R then outlines the applicable pleading standards. See (Doc. 5, pp. 4-7), citing Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (stating that a court need not "accept legal conclusions set forth as factual allegations"); FED. R. CIV. P. 8 (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"). Magistrate Judge Carlson states that the court must accept as true all allegations in the complaint and construe all reasonable inferences that can be drawn therefrom in the light most favorable to the plaintiff. (Id. at p. 4) (citing Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994)).

Magistrate Judge Carlson finds that the complaint is cast as both a Bivens action and an FTCA lawsuit. (Doc. 5, p. 7). But, the Magistrate Judge determines that Plaintiff may not maintain an FTCA action against the individual Defendant. (Id.). The R&R explains that Bivens actions and FTCA lawsuits have different requirements as to whom may be properly named as a defendant. (Id. at p. 8) (citing Moshier v. United States, 2007 U.S. Dist. LEXIS 42179 (W.D. Pa. 2007)). Specifically, an FTCA claim must be brought against the United States, while a Bivens action may only be filed against individual government officials. (Doc. 5, pp. 8-10) (discussing the doctrine of sovereign immunity). Applying these standards, Magistrate Judge Carlson concludes that the individual Defendant, Erika Fenstermaker, must be dismissed from Plaintiff's FTCA claim. (Id. at pp. 10-11).

Next, the Magistrate Judge discusses the Bivens claim against Defendant Fenstermaker and finds that Plaintiff's allegations are insufficient. (Doc. 5, p. 11). Magistrate Judge Carlson

3

reasons that Defendant Fenstermaker's only role in the food poisoning incident was to subsequently process inmate grievances relating to this occurrence. (Id.). The R&R explains, "to state a constitutional tort claim the plaintiff must show that the defendant actively deprived him of a right secured by the Constitution." (Id.) (citing Maine v. Thiboutot, 448 U.S. 1 (1980); Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997)). The defendant "must have personal involvement in the alleged wrongdoing" and "liability cannot be predicated solely on the operation of respondeat superior." (Doc. 5, p. 12), quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). Magistrate Judge Carlson finds that Plaintiff does not allege that Defendant Fenstermaker directed the conduct complained about, or had any knowledge of that conduct and acquiesced in it. (Id. at p. 13). Rather, Plaintiff seeks to hold Defendant Fenstermaker liable based solely on her responsibility for processing prisoner grievances filed after the incident. (Id.). The Magistrate Judge explains that an inmate cannot sustain a claim based on a prison official's failure to adequately investigate or respond to grievances because a prisoner has no constitutional right to a prison grievance system. (Id. at pp. 13-14) (citing cases). Additionally, "the United States Court of Appeals for the Third Circuit has recently held that summary dismissal is appropriate 'because there is no apparent obligation for prison officials to investigate prison grievances.'" (Doc. 5, p. 15) (quoting Paluch v. Sec'y Pennsylvania Dept. Corr., 442 Fed. Appx. 690, 695 (3d Cir. 2011)). Magistrate Judge Carlson concludes that Plaintiff's allegations are insufficient to state a constitutional claim and, further, that affording Plaintiff an opportunity to amend would be futile. (Id.), citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (holding that a pro se plaintiff should be granted leave to amend before dismissal "unless an amendment would be inequitable

4

or futile"). The R&R recommends that Defendant Fenstermaker be dismissed, the complaint be served on the United States, and Plaintiff's motion for leave to proceed in forma pauperis be granted. (Doc. 5, p. 16).

After review, and in the absence of objections, this Court finds no error in the R&R and it will be adopted. This action will be remanded to Magistrate Judge Carlson for further proceedings. A separate Order will be issued.

Date: January 30, 2013                                **United States District Judge**